## WILLIAM SUTTON'S WILL.

### Court of Chancery.   Vacation. 1817.

*Ridgely's Notebook I, 244.*

[THE CHANCELLOR.] I have deliberated with all the attention in my power on the will of William Sutton, and after the most serious consideration, I am of opinion that Mary Sutton, the widow of William Sutton, was not entitled to take any part, either principal or interest, of the judgments against Peter Jeton, deceased. I think that the testator intended to give these debts specifically to his daughter Martha, with the exception of £250 bequeathed to his daughter Ann. I am led to this opinion by the expression, "the remainder of the judgments," and by his directing the judgments to lay until his daughter Martha comes to the age of eighteen, excepting, etc. By the word "judgments," he meant, I apprehend, the whole interest. And from the whole clause, the entire interest was to accumulate until Ann arrived to eighteen, when she was to be paid her £250, and the residue was to progress until Martha comes to eighteen. By the residuary clause the wife was to maintain the children without touching any part of the legacies. Here the testator, most likely, without thinking of principal or interest, meant to secure to the daugh-

ters the entire debts due from Peter Jeton; as well as to his children, Marie and John, the lands devised to them, without any encumbrance or diminution.

After all, I confess that this case has its difficulties. The words, "with the interest thereon from the 25th of March next," are inexplicable; at least I can discover no clue to unravel them. The will was made May 9, 1804, and yet the testator apparently looked forward to the 25th of March then next, with a reference to interest on existing judgments which had no particular bearing on that day; and which day, from anything appearing, had no particular relation to the testator, nor to any legatee. Every other part of the will connected with this subject is in opposition to this expression. And if the widow were to take the interest on these judgments from their date until the 25th of March next ensuing the date of the will, it would contradict the direction that the judgments (meaning, as I conceive, principal, and the whole, and the accumulating interest) should lay until Martha arrived to eighteen, except, etc., and would produce a greater inequality between the legatees than the testator probably contemplated; and to the prejudice of Martha, the youngest daughter, for whose benefit this scheme of the biennial renewal of interest seems to have been prescribed.

Although I have assiduously examined, I can find no case like the present. Cases of this kind, Lord Hardwicke said, depend upon particular circumstances: some upon relationship, some upon the necessities of legatees, and most of them upon the particular penning of wills. And there is hardly one case which can be cited that is a precedent for another. 3 Atk. 102. And indeed no case can be a precedent against the intention of the testator, provided that intention does not violate any rule of law. And I think, taking the whole will together, that the testator intended to give the whole of these judgments, principal and interest, to Martha, except the £250 bequeathed to Ann.